at all. Mr. Clark and Mr. Zeeman. Thank you, Your Honors, and may it please the Court, I'm Paul Clark for the plaintiffs in this case, and I'd like to reserve five minutes for rebuttal. That's fine. I'd like to try and cover three points, if I have three minutes. First, the practice of the New Jersey courts suspending custody in summary proceedings, which ignore the fundamental constitutional rights of the parents at issue. In effect, aren't you really saying that a judge who's supposed to be a neutral arbiter, and that's what they're doing, they're enforcing or they're interpreting statutes in New Jersey that relate to custody, how are they somehow not neutral under your theory? Well, there's a couple of different levels to answer that question. So one is they are not strictly enforcing the statute. They have court practices and court rules, which do have a statute in the How do you read, Georgevich, for the proposition that when a judge has constant supervisory power over his orders, he's no longer a neutral arbiter? Well, that's one of the cases we rely on, obviously, and that's what's going on here, is that... But how do you read it that way? Wouldn't that mean that any judge who issues an injunction can be sued under Section 1983? Not necessarily. It would depend on the particular circumstances of the injunction. It would depend upon the particular rights involved. But one of the ways to answer this is, again, I'm trying to answer you on it in general. The Attorney General themselves indicate they're not neutral arbiters. For instance, on page four of their brief, they say specifically, although they do say in other parts that they're neutral arbiters, but what do they say on page four? They say, as Justice Cardozo once observed, a judge presiding over a custody dispute, quote, acts as parent's patria. To do it is for the best interests of the child. He is to put himself in the position of a wise, affectionate and careful parent and make provision for the child accordingly. He is not adjudicating a controversy between adversary parties. Again, this is their brief. This is what they say. He is not adjudicating a controversy between parties to compose their private differences. And when the judge is no longer a neutral arbiter in a particular case, isn't there remedy to file an appeal in that particular case where you have an actual record of what transpired in the estate court instead of bringing the entire matter into the federal court scene, injunctive relief or declaratory judgment? Well, one of the problems, of course, is that when you have these pendente lite orders, they're not final. So the plaintiffs in this case, the parents do not have a right to appeal. And this is actually one of the issues. But at some point there has to be a harm alleged. There is a harm. You are alleging a harm in this case, violation of due process rights, various violations. Isn't that the harm that occurred in the estate court? That is a harm that occurred, yes, when the estate courts of New Jersey separated parents and children often for months or years at a time. And assuming that's accurate, why don't you take an appeal in those cases? I mean, why don't you present your constitutional claims as a matter of appeal in the estate court? Well, again, it was tried in some of the cases. But, again, there's no right to appeal. All you can do is file a motion for leave to appeal. And, for instance, when Mr. Laud had one of the parties here who lost custody of his children for 16 months, and then not only that, the court issued a gag order saying he couldn't talk to the press, he couldn't talk to any member of the press about the fact that what was going on. He did take and make a motion for him to appeal on that gag order, but it was denied. So, again, the problem is when the state deprives, cuts off parents and children for months, and, again, some of these were five, six months, some of Mr. Laud was over a year, they have no right to appeal. But how are these judges anything other than individuals who are applying the law to the facts as they see them? What adverse interests do they have to the parties in front of them? And you need to have adversity in order to bring claim, if we're going to go on constitutional grounds, under Article III. Right. So how are they adverse? So they are, I think what the First Circuit has said, they are essentially nominal defendants. And they have adversity the same way the Attorney General has adversity. So you're characterizing them as nominal defendants? Well, that's what I'm saying. That's what the First Circuit. Frankly, it doesn't matter to us if the Attorney General is the defendant, if the judge is the defendant, the presiding judge, or Governor Christie. What we are trying to get to is enforce the B.S. v. Somerset case. This court in B.S. v. Somerset said clearly that parents in state custody proceedings have a fundamental right to the care, custody, and control of their children. But following up on Judge Fuentes' point, you have indicated that you've had no success in getting that new person to counsel or individuals on behalf of the plaintiffs have been prohibited from ever appealing any of these rulings? No, I certainly didn't say that. What I said is they have no right to appeal. In fact, in the things we described, for instance, again, one of the plaintiffs, Mr. Malhand had lost custody for 16 months. He had no right to appeal because it was an interlocutory. Again, with pretty much all the defendants that I've seen with the plaintiffs in this case, when they lost custody for five months, six months, whatever it was, without a plenary hearing on disputed facts, which they were eventually, after five, again, some of them after a number of months, they were exonerated, and they got some of their custody back. They had no right to appeal. They could make a motion for an interlocutory appeal, which I think this court knows is very rarely granted in these cases. But let me get to the Article III point, Your Honor, because I think it's important. So obviously this court, any court, any federal court, has to assure that there is Article III jurisdiction. Now, the district court below said there was Article III jurisdiction. The district attorney, excuse me, the attorney general in this case says there's Article III jurisdiction. And yet they say there's no declaratory judgment. The Declaratory Judgment Act somehow doesn't apply. But the Declaratory Judgment Act is coextensive with Article III. But didn't the district court say that the declaratory judgment relief being sought was because the district court found the parties against whom relief was sought were not proper parties because they don't have adverse interests to the plaintiffs? Right. Wasn't that the district court's ruling? Well, that doesn't make any sense, Your Honor, frankly. I'm just asking whether that was the judge's ruling. You can tell me why it's problematic. And I understand the ruling, but again, the declaratory, as we say in our briefs, I don't think the court explained this. The Declaratory Judgment Act is coextensive with federal jurisdiction. Fine. That's great. That's true. You still have to have an adverse party. You still have to seek that relief against a proper party. Well, that seems to be a different issue. If you take the 12B6 motion, if I sued the Queen of England, and you dismiss on 12B6, well, the Queen of England may not be jurisdiction. But let's say I sued somebody in New Jersey claiming they violated my rights. Well, the court would have jurisdiction over that person. Assuming, again, under there's a federal law, but you see, you know what this person under the facts alleged? The person didn't violate your rights, so you dismiss on 12B6. But that's not lack of jurisdiction. And the district court didn't say she lacked it. So let's go back and say there's jurisdiction to adjudicate this federal question claim you have brought. How do you get around 1983 and the circumstances under which you can seek the relief you want, which is either equitable relief or declaratory judgment, how do you get around the fact that there's plenty of case law that says the judges who you're suing have to have an adverse interest to the plaintiffs? How do they have an adverse interest here? They're applying the law to the facts, and you just disagree with how they've done it. Well, again, I don't think they're applying law to the facts precisely, but they have an adverse interest because they crafted these orders. They decided to take away custody. They decided not to have a plenary hearing. Then does that mean, as one of the other judges have indicated, that means that any time a disappointed party receives equitable relief or doesn't get equitable relief, and the other side does, their first remedy is to sue the judge who is sick? Again, not necessarily. It would depend on the particular circumstances. And in this case, where we have an ongoing situation, again, we have 13 plaintiffs. I remember the district court said this was getting unwieldy. Frankly, if you had one or two, you'd say, well, maybe this is an outbreak. This is not an outbreak. This is something that the family courts in New Jersey have repeatedly taken away custody, separated parents and children, without the due process which this court in B.S. v. Somerset said was required, in exactly identical circumstances. You're asking basically for state court judges to defend laws of the state of New Jersey in the federal forum. And I'm just wondering, isn't the state court the better place for this? Well, they are because, again, the state appellate division seems to have taken little action. But, again, the attorney general is defending this practice. The attorney general is going to be here. It doesn't matter if a judge is at a federal forum. How would this play out if you were to prevail? And this goes back to the district court. Would you have a situation where the state judges would be appearing in court? I doubt it. In order to defend their various rulings. I doubt it. I mean, I don't think that's ever happened. What would happen is the – and, again, the initial thing we're looking for would be the declaratory judgment. We would certainly hope that the state court judges – and I'm running out of time. If I could try to wrap up. No, go right ahead. So, again, I don't anticipate the judges would appear. I think we would hopefully see a declaratory judgment saying simply what the BS case already said in Pennsylvania. State court judges must at least consider the fundamental rights of parents when they make these decisions. And they have to have a prompt hearing when custody is taken away. And then, hopefully, the state court judges would comply with that, and that might be the end of it. Now, if they didn't, we'd have to cross the next bridge. But we don't anticipate that we're going to actually see a judge in court. And, again, I think it doesn't matter whether it's a judge or the attorney general. And, again, I come back. But if there's someone else, if the attorney general is the proper defendant, then we should be able to amend our complaint. The current standard, as I recall, is the best interest of the child when it comes to custody decisions. And you take issue with that. You propose a different standard of review when it comes to these custody decisions. No right so far. Well, what we're saying, Your Honor, is that because there are fundamental rights involved, they have to be considered. The interests of the child must be considered against the fundamental rights of the parents and also of the children. The children have fundamental rights, but the state has to balance all of those. The state cannot simply reject completely the fundamental rights of the parents and say they don't exist in state court. The only thing we're going to look at is the interests of the child without any balancing of any other rights. That's what we're saying is unconstitutional. So we're not saying don't look at the interests of the child. We're saying balance some of the fundamental rights. Thank you. Thank you. Please, Your Honor. Wait until he comes back. Thank you for asking. Mr. Zeman. I do warn Your Honors, and may it please the Court, my name is Benjamin Zeman, and I'm a deputy attorney general on behalf of the state of New Jersey and the other defendants in this case. I want to start out by talking about the B.S. v. Somerset County case. That seems to be the one case that plaintiffs really hang in their hat on. That was a case between the government, a child welfare agency in Pennsylvania, and a mother who was malnourished, not raising her child in a proper way. And so what happened was, in that case, the child welfare agency shifted custody from one parent to another, and that's where the court talks about in the quote, that plaintiffs bring up that, from the parent's perspective, it makes little difference between when the state shifts custody from one parent to the other in one hand and when the state takes custody on the other. Because what was happening in the B.S. case was that there was a practice of the state taking custody and then having a hearing, but not having a hearing when they were shifting custody. And so it seems to be, and it's a little unclear from the briefs, that what plaintiffs are making is a facial attack on the entire New Jersey procedural framework for deciding temporary custody orders in disputes between parents. And they're doing that... Well, they claim that they're stripped of their rights without a plenary hearing. Exactly. And so, well, it's both. Because on page two of their brief, they say that there are procedures in place, generally. It's just that they're not being applied. The courts aren't applying them. If that's the case, then that's an as-applied challenge, and it should be addressed under O'Shea v. Littleton, which specifically said that there should not be a federal court injunction limiting what state court judges do in the future, because what happens is it's going to lead to piecemeal litigation and it's going to allow for, essentially, an ongoing federal audit of the state court system. So what's the plaintiff's avenue for making the attack that they want to make? Honestly, I'm not sure. Why can't they take an appeal? In the end, they need to be on custody. They can take an appeal. I'm sorry, I misunderstood the question. They can take an appeal, except the allegations in the complaint as being true for purposes of determining what to do next. Well, there actually are no allegations in the complaint that they tried and failed to take their case to the appellate division. They cite cases. There's one case in particular, Young v. Lee, which is an unpublished case, but it cites published cases for the proposition that the appellate division is very receptive to this idea that if there is a plenary hearing required, they will take the case and direct the lower court to hold a plenary hearing. So to say that they're totally foreclosed from relief from the appellate division or the New Jersey Supreme Court is just not accurate. But do they have to go to the appellate division in order to get a full hearing in the trial court? I'm sorry? Do they have to go to the appellate division in order to get a plenary hearing in the trial court? Well, a plenary hearing is not required in every circumstance, and I think the standard is whether they make a prima facie showing of a genuine issue of fact and dispute. And so circling back to the BS decision, what they seem to be suggesting here, which is the facial attack, is that there needs to be plenary hearings across the board regardless of whether there are any disputed issues of fact. There already is a framework in New Jersey for having plenary hearings. It's in Rule 467 and also in Rule 1.6-2F. And they all basically limit the right to a plenary hearing to showing a genuine issue of material fact. In order to shift that framework, in order to say that they're entitled to a plenary hearing across the board, they need to show that there is no case anywhere where a plenary hearing would not be required. That kind of a facial attack on the New Jersey court rules would have to essentially say that every single time there needs to be a plenary hearing. And they can't make that showing. There's plenty of cases in the appellate division where the court has determined that the issue could be decided on the papers. And for that reason, their facial attack fails. So with respect to the pleadings we have in front of us, is it your position because the pleading doesn't allege we are without a remedy at law, what I mean by that is an ability to take a direct appeal. Their request for injunctive relief is appropriately dismissed. That and the fact that there are three cases where the court did not seem to distinguish between injunctive relief and declaratory relief for purposes of determining whether the judges were the appropriate defendants. Those cases are In Re Justices' Reynolds, oh, I'm sorry, In Re Justices' Knowledge, which we cited in our brief, and Gross v. Stevens, which is a Southern District of New York case cited in the In Re Justices' decision. So they all distinguish between the kind of relief that is being sought. And that makes sense because regardless of what the relief is being sought, the judges are still going to have to defend the constitutionality of whatever it is they're being charged with applying mutually. It doesn't make a difference one way or the other. But focusing on the amendments in 1983 after Pulliam, which says you can seek declaratory relief under certain circumstances or injunctive relief. Your argument in part, if I understand it correctly, is that with respect to injunctive relief, there's a remedy at law, namely a direct appeal. And in any event, from your point of view, they're not proper parties. And is it your position that the district court concluded declaratory judgment relief, whether it's under the Declaratory Judgment Act or a remedy under 1983, is also unavailable because they're not proper parties, because they're neutral arbiters? Is that your argument? That is my position. And also just with respect to the injunctive relief, federal courts don't want to sit in family court. Bertine v. Hanson basically says we don't want to convert federal courts into family court. And that's essentially what's going to happen here if an injunction issues. Or even if a declaratory order is issued, because these plaintiffs are going to obviously continue on with their family court litigation. And if they feel that they were entitled to a hearing and they didn't get one, they're going to run to federal court. And now we're going to have district court judges deciding whether there was a plenary hearing required, whether there was a genuine issue of material fact bearing on the best interest of a child, which is a quintessentially state law issue. And it's not just these plaintiffs. It's also every other family court litigant throughout the state. And frankly, I think it's every plaintiff's attorney in the state who is denied a summary judgment motion. The standards that plaintiff is complaining about concerning the best interest of the child, custodial decisions, and so forth, those standards are applied by the state trial judges and are promulgated, I gather, by the appellate division. Is that correct? The best interest of the child standard? The vast majority of standards that are being complained about. Where do they come from? So the best interest of the child standard is codified in a statute. One of the cases that we cited in our brief talks about how it's a judicial gloss. I think I'm paraphrasing. But it is now codified in a statute. And interestingly enough, that statute was amended in 1990 to become gender neutral. Before then, it had distinguished between fathers and mothers and seemed to slant in favor of fathers. And the study that the plaintiffs cite in their complaint studied child custody decisions that were decided under the old statute. For purposes of equal protection, I just wanted to make this point because nobody has brought this up thus far in this case, is that they're citing statistics from an old statutory scheme. And it's not just in this case. As I noted in our brief, there's two other cases in the district court, or there were Hagler v. Ford and Pandia. And in both of those complaints, they're essentially identical. Is it the case that the trial judges have no option but to apply that statutory standard? That's correct. At every stage. It's a bedrock legal principle that applies to every decision affecting a child in the state court. Obviously, with respect to custody, it's the with respect to custody battles between two parents who are presumed fit. That's the standard. Is it statutory or is it a rule of court? Is it statutory or what? A rule of court. It's statutory. And if a party wants to challenge whether it's a violation of protection or any other constitutional impediment, who do they sue and where do they go? Who they sue is a more complicated question. Isn't the Attorney General required to defend state statute? They are in most circumstances as far as I understand. I would note that all of the big family court cases in the Supreme Court, Troxell v. Granville, Stanley v. Illinois, Santosky v. Kramer, they've all proceeded through the state court system. But has the adverse party been the other parent for the most part? Yes. And so based upon sort of that pattern, is it your understanding that if one wants to challenge the bona fides of a state statute like this one, your view is the way that it's done is within that same case, take the direct appeal. Exactly. Troxell is a perfect example. That was a challenge to a grandparent visitation statute that did not afford any presumption to the parent. And it made its way through the state court system. I think it was the state of Washington and then the Supreme Court took it. And a four-justice plurality said this violence is due process. It's an as-applied challenge because the statute doesn't treat the parent as presumptively fit, and it places the burden on the parent to disprove the claims against them. And so that sort of challenge needs to proceed through the state court. It's the same thing with Palmer v. Sedati. That was a claim that a Florida court improperly applied considerations of race to a child custody decision. And, again, that proceeded all the way through the Florida court system. It was a direct appeal, and the Supreme Court took it. And in a unanimous opinion, given the considerations, reversed the order. But, again, it's the adverse party, and that seems to be what the district court was most focused on here is not suggesting there was any ruling one way or the other on the bona fides of the plaintiff's complaint, but just to make sure that that was being sued against the proper party. Correct. There would be an adverse party in the state court matter, but there's no adverse party in this matter. There's nobody named who could defend the statute without abandoning what the First Circuit and human rights justices called their institutional neutrality. And then kind of segwaying back on what Judge Fuentes was asking, I think, is if the attorney general, generally speaking, is due down to defend a statute, could the attorney general be the right party, or does it face the same adversity problem? That I'm not sure. I'm a little reluctant to suggest that plaintiffs have a party to actually sue, but if they do name the attorney general, obviously we'll defend the statute on the merits, which is what we asked the court to do in this appeal. We said that amendment would essentially be futile because the best interest of the child standard is constitutional. It's applied in basically every state in the country, and what the plaintiffs are asking for is a heightened showing that you need to prove parental unfitness before you take custody. And that's just not the right standard for two reasons. The first is that the plaintiffs stand on equal footing. They're both presumed fit. When I say the plaintiffs, I mean the parties in the underlying divorce. They're presumed to be fit. But when you have a situation where a third party is trying to intervene in that relationship, the third party has a higher burden. They have to show parental unfitness. And in Watkins v. Nelson, which is a New Jersey Supreme Court case, they said that you basically have to prove parental termination, that standard, in order for a third party to gain custody. And that's consistent with the majority of the states, and it's consistent with what the Supreme Court held in Reno v. Florida. The Supreme Court of Reno did know that the best interest of the child standard is not the sole criterion for judging whether parents retain custody, but they cited a termination of parental rights case for that proposition. And Troxell then cited that same portion of the opinion to say that you need to prove parental unfitness in order to allow a third party to inject itself into that relationship and take custody from a parent who is presumed fit. Thank you very much. You're welcome. I'd like to start with the question you posed about the attorney general being the proper defendant or being an appropriate defendant, whatever term you want to use. Again, that's fine with us, in fact. But the court has, of course, the history of this case. The question of the statute... I think the problem is you've got 13 individuals who may have really good claims. But is it something that should be dealt with in the state court system? Why not? I mean, we keep coming back to that. Because this court, in the B.S. v. Somerset case, clearly ruled that what was going on in Pennsylvania and what continues to go on in New Jersey is unconstitutional. They haven't changed. They continue to deprive parents of custody without plenary hearings, without a prompt hearing, without any balancing of interests. Just because it's unconstitutional doesn't mean that the state courts can't address it who are more familiar with the very standards that you're talking about. Well, of course not. It also doesn't mean that the federal courts can't address it because it's a federal constitution, so it's appropriate to have it in a federal court. So it's possible the state courts could address it. They haven't. Do you think the matter of comity has any bearing on this case? I think that would be an issue that the district court could have and should have taken up because there's some discussions under the Declaratory Judgment Act. There's some factors you can look at to determine whether declaratory judgment is appropriate, and that's some of the things they could look at. Now, the district court did not do that in this case, which I think is one of the problems. Well, she didn't do that because she didn't find there was a proper party, right? Right. Again, as I said, because there's Article III standing, there is district, there is comity. I'm not talking about subject matter jurisdiction. I'm talking about the fact that the district court concluded under 1983 there was no adverse party. If there's no adverse party there, there wouldn't be an adverse party, from her point of view, for declaratory judgment. You still have to have somebody there's adversity to. Well, yes and no. So the Declaratory Judgment Act is much broader than 1983. So saying someone is not a proper party for 1983 doesn't mean that there's not declaratory judgment because, again, Article III jurisdiction is coextensive with the Declaratory Judgment Act. 1983 is much more narrow than Article III. There are people you cannot sue under 1983, right? They're not proper parties. So I think this proper party confuses and conflates a couple different things. And, again, going back to the First Circuit where they talk about maybe there's jurisdiction. But, again, this Court needs to decide is there jurisdiction. Can I ask you about your application, in fact, asks for us to vacate the dismissal and the alternative from with prejudice to without prejudice, right? Well, that's the point I was getting to. I would say that this Court, at a minimum, should rule that the district court should have permitted amendment. I understand that. That's exactly where you're going. Here's my question. As I understand it, in your brief before the district court on the motion to dismiss, there wasn't a request for leave to amend as part of it. Right. You had already amended. Not you personally. Amendments had been done before that. Right. The judge enters her order. Afterwards, there's a motion for leave to amend. It's denied in the text order. That is not being appealed. That order is not on appeal. So if we were to allow you to do that, isn't it an end run around an order that you didn't seek an appeal from? If we granted you this sort of partial relief, which is, well, give me a dismissal without prejudice so I can replete, in a circumstance where you already denied leave to amend on procedural grounds, presumably? Right. I think that was strictly on procedural grounds. And I'm not sure we could have amended it because I actually think what the Court said was the case is closed. Right. I'm not going to even ---- But you didn't appeal that order, is my point. How do we reconcile that? Or should we just not worry about it? Well, I don't think it's an issue one. I'm not sure we could have appealed it. But in any case, if the Court erred in failing to allow us to amend, again, the Third Circuit case law is clear that dismissal should normally be without prejudice. And I would simply say that the Court erred by failing to ---- the Court never should have dismissed with prejudice. It should have said, okay, this issue has now come to the fore, but it's really a statute, which, again, is not what we had initially said. Well, we don't think really the statute is the problem. We think the policy is the problem. Then the Court said, well, it's really a statute. So I'm saying, okay, fine. If the statute is the issue, if the Attorney General is the proper defendant to defend the statute, this Court should let us do that, should amend and allow us to do that so that these are important issues. Because, again, you say, why are we in federal court? These are fundamental rights. The custody control care of children is one of the oldest of the 14th Amendment rights. I don't think anybody disagrees with the significance of the issues at hand. So, you know, these are very, very important fundamental rights. These parents are over and over again refused custody. And just as a final point, I'm almost out of time. If I could have another 10 seconds. They can't come in here and deny the facts in the case. For instance, on Paragraph 71 of our amended complaint, in front of Mr. Feldman, parenting time suspended for five months based upon allegations which were being investigated. The Court heard no hearing. And then finally, five months later, he was exonerated. That's not consistent with what this Court in B.S. v. Somerset said. That's to be a prompt hearing. So the facts are that there were disputes. They didn't have prompt hearing. And they can't come in here and say, well, there's no dispute that they were entitled upon hearing. So, obviously, I'm out of time. But if the Court has any further questions. Thank you very much. Thank you, Counsel. Very well done. Take the matter under advisement.